T.C. Summary Opinion 2011-71

UNITED STATES TAX COURT

JOSEPH B. AND ROSEMARY A. NIESEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6083-10S.                    Filed June 16, 2011.

Joseph B. and Rosemary A. Niesen, pro sese.

<u>Kristin M. Timmons</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for the
year in issue.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2007 Federal income tax of $1,492.

The issue for decision is whether petitioners are entitled to a deduction for a contribution to an individual retirement account (IRA). We hold that they are not.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioners resided in the State of Minnesota when the petition was filed.

Petitioners timely filed a joint Federal income tax return for 2007. On their return petitioners reported in income: Taxable interest, ordinary dividends, taxable refunds, a capital loss, taxable pension and annuity income, a farming loss, and taxable Social Security benefits. Petitioners claimed a $5,000 deduction for an IRA contribution made by petitioner Rosemary A. Niesen.

In a notice of deficiency respondent determined, inter alia, that petitioners were not entitled to the claimed IRA contribution deduction of $5,000 for 2007.[2]

## Discussion[3]

Generally, a taxpayer is entitled to deduct an amount contributed to an IRA. Sec. 219(a). The deduction, however, shall not exceed the lesser of the deductible amount or an amount equal to the taxpayer's compensation includable in gross income. Sec. 219(b)(1), (5). Compensation includes earned income, which is defined as "the net earnings from self-employment (as defined in section 1402(a))". Secs. 401(c)(2), 219(f)(1). Section 1402(a) defines net earnings from self-employment as "the gross income derived by an individual from a trade or business carried on by such individual, less deductions allowed by this subtitle which are attributable to such trade or business". Compensation excludes any amounts received as interest and dividends, a pension or annuity, and Social Security benefits. Secs. 219(f)(1), 401(c)(2), 86(f)(3); see Miller v. Commissioner, 77 T.C. 97, 102 (1981).

---

[2] The other adjustments in the notice of deficiency are computational as a result of the disallowance of the $5,000 IRA contribution deduction and, therefore, are not at issue in this case.

[3] We decide this case without regard to the burden of proof.

Petitioners' income for 2007 consisted of interest income, ordinary dividends, taxable refunds, pension and annuity income, and Social Security benefits, none of which is compensation as defined in the Internal Revenue Code. See sec. 219(f)(1); sec. 1.219-1(c)(1), Income Tax Regs. Moreover, petitioners reported a net loss from their farming activity. Thus, there were no net earnings from self-employment, no earned income, and, therefore, no compensation.

Petitioners contend that respondent determined the same issue in petitioners' favor as to 2006, thereby establishing precedent. However, each taxable year stands alone, and the Commissioner may challenge in a succeeding year what was condoned or agreed to in a previous year. Auto. Club of Mich. v. Commissioner, 353 U.S. 180 (1957); Rose v. Commissioner, 55 T.C. 28 (1970). Thus, respondent's concession of or failure to challenge the IRA deduction in a prior year does not necessarily entitle petitioners to the deduction in subsequent years.

There is no question that petitioners had various items of income properly reportable on their income tax return. Unfortunately, neither petitioner received any compensation, as Congress defined this term for IRA purposes, during 2007. Accordingly, we hold that petitioners are not entitled to the claimed IRA contribution deduction.

## Conclusion

We have considered all of the arguments made by the petitioners, and, to the extent that we have not specifically addressed those arguments, we conclude that they do not support a result contrary to that reached herein.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.